64745. ROACH v. BARCLAYS AMERICAN/CREDIT, INC. et al.

POPE, Judge.

Plaintiff Velma Jean Roach brings this appeal from an order granting partial summary judgment to defendants, Barclays American/Credit, Inc. and two of its employees, on that part of her complaint seeking recovery for trespass and wrongful repossession of her automobile. Plaintiff concedes that defendants were lawfully entitled to repossess the automobile but contends that she is entitled to damages because said repossession was a "breach of the peace." The Uniform Commercial Code provides: "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process *if this can be done without breach of the peace* or may proceed by action." (Emphasis supplied.) Code Ann. § 109A-9—503 (now OCGA § 11-9-503).

The only evidence of record relating to the "breach of the peace" issue is plaintiff's response to certain interrogatories in which she averred, "I suffered a very traumatic experience being taken by the two Defendants [employees of Barclays American] against my will, I suffered extreme fear which was very upsetting, I also suffered a great amount of humiliation and embarrassment. The whole matter was a very humiliating and degrading experience." She also stated, "Defendants, Mr. Walker and Mr. Thomas, were standing by my car when I came out of school and they said they were going to take my car and I told them they could not take it and they said they were going to take it anyway which they did along with abducting me with the car." Although defendants refer in their brief to certain deposition testimony as discrediting plaintiff's assertions, said testimony was not made a part of the record in this case and, thus, can not be considered here. Cf. *Thompson v. Abbott,* 226 Ga. 353 (1) (174 SE2d 904) (1970), overruled on other grounds, *Ogden Equip. Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459) (1974). Plaintiff's assertion that she was abducted during the course of having her car repossessed being unrefuted in the record, we can not say as a matter of law that defendants' alleged conduct did not amount to a breach of

the peace. See *Deavers v. Standridge,* 144 Ga. App. 673 (1) (242 SE2d 331) (1978). Cf. *Pierce v. Leasing International,* 142 Ga. App. 371 (3) (235 SE2d 752) (1977). Therefore, summary judgment on this issue was inappropriate.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1982.

*Wynn Pelham,* for appellant.
*David Ware, Everette L. Doffermyre, Jr.,* for appellees.