66515. ATLANTA CUTLERY CORPORATION v. QUEEN CUTLERY COMPANY.

SOGNIER, Judge.
Queen Cutlery Co. sued Atlanta Cutlery Corporation on an account arising out of the sale of certain knives which were "seconds." Queen moved for partial summary judgment based upon Atlanta Cutlery's answers to interrogatories and requests for admission. Atlanta Cutlery stood on its pleadings and submitted no affidavits of defense. The trial court granted Queen's motion and Atlanta Cutlery appeals.

Appellant contends that issues of fact raised by the affirmative defenses in its answer preclude the grant of a motion for partial summary judgment. Appellant admitted in its responses to interrogatories and requests for admission that it had ordered and received $18,771 in goods and had paid $6,257 to appellee on the account. Appellant also claimed it returned goods of the value of $9,669. Appellee disputed this latter item; nevertheless, after

allowing $9,669 credit for the items returned, and deducting the $6,257 paid, the balance remaining on the account was $2,845, the amount awarded by partial summary judgment.

As the moving party for summary judgment, appellee had the burden of piercing appellant's affirmative defenses. *Peppers v. Siefferman,* 153 Ga. App. 206, 207 (265 SE2d 26) (1980). Appellant presented several "affirmative" defenses in its answer. Appellant's affirmative defense of accord and satisfaction was pierced by its answer to appellee's interrogatories in which appellant stated that its offer to liquidate the account for $5,000 received no response from appellee, and that appellant thereafter returned part of the knives pursuant to the original agreement. Thus, it is apparent that no subsequent agreement was ever executed in satisfaction of the original agreement. See *Woodstock Rd. &c. Prop. v. Lacy,* 149 Ga. App. 593 (1) (254 SE2d 910) (1979). Appellant's answer also dispensed with its asserted defense of rescission, since the statement showed that both parties continued to fulfill the provisions of the original agreement with no indication that the parties mutually agreed to rescind the agreement. See *Holloway v. Giddens,* 239 Ga. 195, 197 (236 SE2d 491) (1977).

Appellant admitted in its answers to appellee's interrogatories and requests for admission that it ordered the goods represented on appellee's invoice and admitted further that appellant's agent signed a letter containing the terms of the agreement. Although appellant contests whether the letter contained all the terms of the agreement, its admission as to the invoice and the signature was sufficient to pierce the Statute of Fraud defense. See *Hagan v. Jockers,* 138 Ga. App. 847 (2) (228 SE2d 10) (1976).

Appellant's admissions as to the total price of the shipment of knives, their receipt, partial payment for some knives and partial return of others, defeated appellant's affirmative defense of payment since it is clear that this partial payment and partial return of the goods did not extinguish the entire amount owing on the account. 23 EGL 457, Payment, § 2.

Another of appellant's affirmative defenses stated: "Defendant asserts the defense of fraud." Although subject to a motion for a more definite statement under OCGA § 9-11-12 (e), this statement has been found sufficient as an allegation of fraud. See *Tucker v. Chung Studio,* 142 Ga. App. 818, 820 (237 SE2d 223) (1977), overruling *Henry v. Allstate Ins. Co.,* 129 Ga. App. 223, 225 (1a) (199 SE2d 338) (1973). Thus, appellee was required to pierce the defense in order to prevail on the motion for partial summary judgment. Appellant's own statements, made in response to appellee's interrogatories and requests for admission, revealed that the transaction was made by

two business parties for the sale of lesser quality goods; that appellant agreed to buy these goods; that after receiving these goods appellant paid for roughly a third of the knives and returned about one half of them; and appellant refused to pay for or return the remaining knives. In light of this evidence, which failed to indicate even the slightest suggestion of fraud, appellant failed to present any specific facts to support its allegation. We find the evidence sufficient to pierce appellant's defense of fraud. See *R. L. Kimsey Cotton Co. v. Ferguson,* 233 Ga. 962, 966 (4) (214 SE2d 360) (1975).

Appellant's final two specifically pled defenses came under the Uniform Commercial Code. Appellant asserted that the sale was revoked because the goods were non-conforming (OCGA § 11-2-608 (Code Ann. § 109A-2—608)), and that appellee breached its implied warranty of fitness because the goods were not fit for the purpose for which they were purchased (OCGA § 11-2-315 (Code Ann. § 109A-2—315)). Appellant's answers to appellee's interrogatories and requests for admission pierced these defenses. Under the provisions of OCGA § 11-2-608 (2) (Code Ann. § 109A-2—608), revocation is not effective until the buyer notifies the seller of it. The evidence did not show that appellant notified appellee of any revocation, but showed instead that appellant proposed an accord and satisfaction. When that proposal failed, appellant continued to comply with the terms of the original contract. As to the implied warranty defense, appellant admitted that it ordered "seconds," and that its agent signed an agreement which explicitly noted that some of the knives would be damaged, with the added provision that all could be returned if they were not in a usable condition. These statements, in addition to appellant's admissions that it paid for some of the knives while returning the unsatisfactory goods, pierced appellant's allegations that the knives were not fit for the particular purpose for which the goods were required.

Since appellee pierced appellant's affirmatively raised defenses, and appellant presented no evidence to show that genuine issues of material fact existed as to these defenses, the trial court did not err in granting appellee's motion for partial summary judgment. *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 24, 1983.

*Jeffrey M. Starnes,* for appellant.
*Wayne H. Lazarus, William K. Carmichael, C. David Johnston,*

for appellee.