*sistant District Attorney*, for appellee.

70214. BRADBURY v. WRITING SALES, DIVISION
OF MATEX, INC.
(330 SE2d 438)

BANKE, Chief Judge.

The appellee sued to collect a promissory note executed by the appellant in the principal amount of $35,511.10. The appellant's answer raised numerous defenses, among them failure of consideration, accord and satisfaction, and fraud. The appellee moved for summary judgment on the basis of the "pleadings and admissions on file," and the trial court ruled as follows: "[T]he original promissory note bearing the signature of the [appellant] having been offered to the court and there being no evidence of fraud in the making of the promissory note or that the signature of the [appellant] thereon is not genuine, there remains no question of fact to be determined by this court and [appellee] is entitled to summary judgment . . ." *Held*:

1. "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden . . ." *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973). Thus, the plaintiff on motion for summary judgment has the burden of piercing the defendant's affirmative defenses. *Peppers v. Siefferman*, 153 Ga. App. 206, 207 (3) (265 SE2d 26) (1980). This burden is not met by reliance on unsworn allegations contained in the complaint. See *Spires v. Relco, Inc.*, 165 Ga. App. 4, 5 (299 SE2d 58) (1983).

The record before us contains no admissions, sworn testimony, affidavits, or other evidence tending either to authenticate the alleged note or to refute any of the appellant's affirmative defenses. The assertions contained in the appellee's brief to the effect that such supporting evidence was introduced at the hearing on the summary judgment motion avail nothing, in the absence of a hearing transcript setting forth such evidence. Accord *Roach v. Barclays American/Credit*, 164 Ga. App. 616 (298 SE2d 304) (1982); *Ellison v. William Huff Ford, Inc.*, 155 Ga. App. 108, 109 (270 SE2d 327) (1980). It follows that the trial court erred in granting the appellee's motion for summary judgment.

2. The appellee's motion for imposition of damages for filing a frivolous appeal is necessarily denied.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 8, 1985.

*Harry A. Osborne,* for appellant.
*T. Gordon Lamb, W. Cary Herin, Jr.,* for appellee.