## 76118. HENRY v. BARFIELD et al.
### (367 SE2d 289)

POPE, Judge.

Plaintiffs/appellees brought this medical malpractice action alleging negligence in the death of their infant son on the part of four physicians including defendant Waights G. Henry III. Defendant Henry moved for summary judgment on the ground that he is exempt from civil liability as a "Good Samaritan" pursuant to OCGA § 51-1-29. We granted this interlocutory appeal from the trial court's denial of Henry's motion.

1. In pertinent part OCGA § 51-1-29 provides: "Any person, including any person licensed to practice medicine and surgery . . . who in good faith renders emergency care at the scene of an accident or emergency to the victim or victims thereof without making any charge therefor shall not be liable for any civil damages as a result of any act or omission by such person in rendering emergency care or as a result of any act or failure to act to provide or arrange for further medical treatment or care for the injured person." This court recently took the opportunity to address the nature of our "Good Samaritan" statute and found the basic premise of the statute is "to induce voluntary rescue by removing the fear of potential liability which acts as an impediment to such rescue. Thus they are directed at persons who are not under some pre-existing duty to rescue. If the doctor had a partic-

ular employment duty to aid the patient at the hospital or had a pre-existing doctor-patient relationship to the patient he aided, then he had a duty to the patient to begin with; and in such a case he does not need a special inducement to offer aid, the aid he offers is not 'voluntary' in the sense of a Good Samaritan, and public policy would be ill-served if he were relieved of the usual physician's duty of care and given immunity in such a case. Good Samaritan statutes are directed at persons, including physicians, who *by chance and on an irregular basis* come upon or are called upon to render emergency care. The fact that a physician is skilled in the subject matter in question or that the exigency lies within his expertise, does not create a duty where none existed before; in fact such persons are particularly encouraged by the statute to volunteer their aid. Neither is he deprived of immunity by the fact alone that he works at the hospital, or is present at the hospital, or is called to the hospital when the emergency arises. If there was no prior duty to respond and there was no prior doctor-patient relationship, one is not created by the event of the emergency. But clearly the occurrence of an emergency will not invoke the immunity, if it was the doctor's duty to respond to the emergency." (Citations and indentions omitted.) *Clayton v. Kelly*, 183 Ga. App. 45, 47 (357 SE2d 865) (1987).

In his affidavit in support of his motion, Henry stated that he is a licensed physician with a specialty in the practice of general surgery. He continued: "The only occasion upon which I saw the deceased . . . was on June 9, 1985 at Kennestone Hospital. On that date, I responded to an emergency call which was directed to me as the only available surgeon present in the hospital. It was my understanding that emergency medical treatment was needed. Upon my arrival at the scene, the deceased had extubated himself and required emergency care in order to sustain life. In good faith I rendered emergency care . . . [but] despite my best efforts, the infant died. I did not at any time expect compensation for my services, nor did I ever charge or receive payment for my emergency medical care."

"On a motion for summary judgment, regardless of which party has the burden of proof at trial, the burden is on the party moving for summary judgment to show that there is no genuine issue of material fact, and all evidence adduced on the motion is to be construed most strongly against the movant. [Cits.] Moreover, where the evidence on summary judgment is ambiguous or doubtful, the party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence. [Cits.]" *Fiumefreddo v. Scudder*, 252 Ga. 279, 282-283 (313 SE2d 683) (1984). Thus, the burden of proof was on defendant Henry to establish a prima facie case in support of his "Good Samaritan" defense. Cf. *Bradbury v. Writing Sales*, 174 Ga. App. 510 (1) (330 SE2d 438)

(1985); *Atlanta Cutlery Corp. v. Queen Cutlery Co.*, 168 Ga. App. 584 (309 SE2d 691) (1983).

It is clear that defendant Henry's affidavit addresses most of the issues necessary to establish his "Good Samaritan" defense. However, the evidence of record falls short of establishing his status as a volunteer who was not under some pre-existing duty to render assistance. Indeed, in addition to Henry's affidavit, counsel for Henry stated during argument on the motion that Henry was "on the staff at Kennestone Hospital," but it was counsel's "understanding" that Henry was not "on call" at the time. A question of fact remains as to this material issue, and the trial court properly denied Henry's motion for summary judgment. See, e.g., *Hollingsworth v. Ga. Osteopathic Hosp.*, 145 Ga. App. 870 (245 SE2d 60), aff'd, 242 Ga. 522 (250 SE2d 433) (1978); see also 1972 Op. Att'y Gen. U72-62.

2. In light of our holding in Division 1, supra, Henry's remaining enumeration of error challenging the trial court's refusal to strike plaintiffs' expert's affidavit is moot. See *Skinner v. Coleman-Nincic Urology Clinic*, 156 Ga. App. 638 (1) (275 SE2d 724) (1980).

*Judgment affirmed. Benham, J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED MARCH 17, 1988.

*Hunter S. Allen, Jr., Dennis A. Elisco, E. Jane Simpson*, for appellant.

*Herbert B. Zachry, Lynn A. Downey, Robert D. McCallum, Jr., Geoffrey H. Cederholm III*, for appellees.