### A96A2188. WASHINGTON v. GEORGIA BAPTIST MEDICAL CENTER et al.

(501 SE2d 1)

JOHNSON, Judge.

In *Clark v. Washington*, 268 Ga. 649 (492 SE2d 665) (1997), our decision in *Washington v. Ga. Baptist Med. Center*, 223 Ga. App. 762 (478 SE2d 892) (1996) reversing the trial court's grant of summary judgment in favor of the defendants was affirmed in part, reversed in part, and remanded to this Court for consideration of Dr. Clark's alternative theory that he is entitled to judgment under OCGA § 51-1-29.1.

In pertinent part OCGA § 51-1-29.1 (a) provides that "[n]o health care provider . . . who voluntarily and without the expectation or receipt of compensation provides professional services . . . shall be liable for damages or injuries alleged to have been sustained by the person nor for damages for the injury or death of the person when the injuries or death are alleged to have occurred by reason of an act or omission in the rendering of services." In his affidavit in support of his motion for summary judgment, Dr. Clark stated: "In treating Mr. Washington upon his arrival at Georgia Baptist, I was voluntarily providing my assistance as the on-call vascular surgeon, and I had no expectation of payment at the time I provided medical services to Mr. Washington. I have not received a fee or compensation of any kind from Mr. Washington or anyone acting on his behalf."

Citing to his affidavit testimony, Dr. Clark asserts in his brief that he was never compensated by any private or public source for his services. This is an overbroad reading of his affidavit, which states that he had not been compensated *from Mr. Washington or anyone acting on his behalf*. It does not say that Dr. Clark, or Atlanta Vascular Specialists, P.C., was never compensated at all by anyone for the provision of on-call services generally, or for Dr. Clark's visit to the emergency room in this instance. As stated, Dr. Clark has not set forth a prima facie right to summary judgment under the statute.

Because we believe that Dr. Clark was not entitled to summary judgment on the ground of charitable immunity, our earlier reversal of the trial court's grant of summary judgment remains the judgment of this Court.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 22, 1998 —
RECONSIDERATION DENIED FEBRUARY 19, 1998

*Zachary & Segraves, J. Ed Segraves*, for appellant.
*Sullivan, Hall, Booth & Smith, Terrance C. Sullivan, Alston &*

*Bird, Robert D. McCallum, Jr., Harman, Owen, Saunders & Sweeney, H. Andrew Owen, Jr., Gleaton, Scofield, Egan & Jones, Frederick N. Gleaton, Duvall, McCumber & Doverspike, Jerry D. McCumber*, for appellees.