## A00A2581. KROGER COMPANY v. STRICKLAND.
### (548 SE2d 375)

RUFFIN, Judge.

After Mamie Strickland slipped and fell in a Kroger store, she brought a negligence claim against the Kroger Company. The case was tried before a jury, which found in favor of Strickland. On appeal, Kroger contends the trial court erred in failing to direct a verdict in its favor. Kroger also asserts that the trial court erred in granting Strickland's motion in limine and in instructing the jury. For reasons that follow, we affirm.

1. The granting of a directed verdict is a grave matter as, in directing a verdict, "the trial court takes the case away from the jury and substitutes its own judgment for the combined judgment of the

jury."[1] Thus, in reviewing a trial court's denial of a motion for directed verdict, we will affirm the jury's verdict as long as there some evidence to support it.[2] In so doing, we construe the evidence with every inference and presumption in favor of upholding the verdict.[3]

So viewed, the record shows that shortly after midnight on June 2, 1997, Strickland went to a Kroger store that was open 24 hours. As she entered the foyer, she slipped and fell, landing on her side. After Strickland stood up, she noticed that her clothes were wet. Several other witnesses testified that the foyer floor was wet. According to Randy Walraven, who also shopped at Kroger shortly after midnight, "the floor was just really, really, really too wet, and when I first went in the door, . . . I almost slipped myself." Paula Setter, who also shopped at the store at around the same time, testified that "the whole floor was . . . wet, saturated."

Neither Strickland, Walraven, nor Setter noticed any signs in the foyer warning of the wet floor. As Strickland checked out, however, a cashier asked her if she was hurt and warned her to be careful leaving because the floor was wet. The cashier then pointed to a warning sign in the foyer. According to Strickland, while she was shopping, the sign had been erected in the area where she had fallen.

No witness saw what caused the floor to be wet. However, because the floor was uniformly wet and because there had been no rain that night, Strickland contends that the floor had just been mopped. Kroger had a contract with Mitchler Floor to clean the floors. Seven nights a week, between the hours of 11:00 p.m. and 7:00 a.m., Mitchler Floor was responsible for "dust mopping, spot mopping, buffing, scrubbing as needed and then periodic waxing and stripping off of wax." Mitchler Floor hired a subcontractor, and, the night Strickland fell, Nicholas Jones cleaned the store.

(a) In its first enumeration of error, Kroger contends that it cannot be held liable for the negligence of an independent contractor. Accordingly, it asserts that the trial court erred in failing to direct a verdict in its favor as any negligence in cleaning the floor would be attributable either to Mitchler Floors or Jones, independent contractors over which Kroger had no control.

Contrary to Kroger's contention, it "cannot insulate itself from liability simply by hiring an independent contractor to clean its floors."[4] This is so because, under OCGA § 51-2-5 (4), one who

---

[1] *K-Mart Corp. v. Jackson*, 239 Ga. App. 176 (521 SE2d 93) (1999).

[2] *Treglown v. K-Mart Corp.*, 245 Ga. App. 428, 429 (537 SE2d 173) (2000).

[3] Id.

[4] *Bruno's Food Stores v. Taylor*, 228 Ga. App. 439, 442 (1) (491 SE2d 881) (1997) (physical precedent only); see *Johnson v. Kimberly Clark*, 233 Ga. App. 508, 510 (504 SE2d 536) (1998).

employs an independent contractor is liable for the acts and omissions of such independent contractor when the duty is imposed by statute. As the duty imposed on owner/occupiers to "exercise ordinary care in keeping the premises and approaches safe"[5] is statutory, Kroger may be held liable for the negligence of the independent contractor hired to clean its floors if such negligence rendered the premises and approaches unsafe.[6]

The case cited by Kroger, *Feggans v. Kroger Co.*,[7] does not require a different result. Indeed, in *Feggans*, this Court recognized that, unless Kroger delivered full control of its store to the cleaning company, it would still owe a duty to exercise ordinary care to keep the premises and approaches safe.[8] Here, Kroger acknowledges that it did not deliver full possession and control of its store to the independent contractor. Thus, the trial court did not err in failing to grant a directed verdict on this basis.

(b) In its second enumeration of error, Kroger asserts that the trial court erred in failing to grant a directed verdict as there was no evidence that it had knowledge of a hazardous condition. Here, however, Kroger's liability was predicated upon the negligence of the independent contractor, which is separate from its own liability.[9]

Moreover, the evidence in this case demonstrates that the floor was wet as a result of having been cleaned. According to several witnesses, the entire foyer floor was wet. As it was not raining the night Strickland fell, the water was not tracked into the store. Thus, the water must have come from inside the store. Because the floor was uniformly wet with no puddles, it is unlikely that the floor was wet as a result of a spill. Accordingly, it was reasonable for the jury to infer that the floor was wet because someone had cleaned it. This is especially true given the evidence that Kroger retained a company to clean the floor during the time that Strickland was shopping. And, where a proprietor has authorized the mopping of the floor, it is presumed to have knowledge of the condition of the floor.[10] Therefore, this claim of error presents no basis for reversal.

2. Kroger contends that the trial court erred in granting Strickland's motion in limine. Prior to trial, Strickland moved to prohibit Kroger employees from testifying that the cleaning crews always put up signs warning of wet floors. Strickland argued that it is improper to allow a witness to testify as to the customs and habits of another.

---

[5] OCGA § 51-3-1.

[6] See *Bruno's*, supra; *Johnson*, supra; *FPI Atlanta v. Seaton*, 240 Ga. App. 880, 886 (5) (a) (524 SE2d 524) (1999) (physical precedent only).

[7] 223 Ga. App. 47 (476 SE2d 822) (1996).

[8] Id. at 50 (1).

[9] See *FPI Atlanta*, supra at 887.

[10] See *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980).

The trial court apparently agreed and excluded the testimony. Kroger asserts that the testimony should have been admitted to establish that Kroger had no reason to inspect the foyer for warning signs.

"The admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion."[11] In this case, the trial court did not abuse its discretion in preventing Kroger employees from testifying regarding the custom of the cleaning crews. As a general rule, witnesses may testify about their habits, but not about the habits of others.[12] Accordingly, we find no abuse of discretion in the trial court's exclusion of such testimony.

Moreover, the trial court's ruling did not preclude Kroger from introducing evidence establishing whether warning signs were routinely erected. Initially, we note that Jones, who was on Kroger's pretrial witness list, could have testified as to his own habits. Also, Kroger employees could have testified regarding their own knowledge of sign placement. If those employees had seen the cleaning crew post signs while cleaning, such testimony clearly would have been admissible.[13] Finally, we note that one Kroger cashier testified that, although she could not recall whether any signs were posted the night Strickland fell, "as a matter of practice they were."[14] Because the trial court's ruling was legally correct and did not prevent Kroger from establishing a defense, we find no basis for reversal.

3. In its third and final enumeration of error, Kroger asserts that the trial court erred in instructing the jury that

> where the owner or occupier has not delivered full possession and control of the floor to a janitorial contractor and the floor is jointly occupied by both the owner and occupier and the contractor, the owner or occupier is liable for negligent acts of its contractor.

Kroger objected to the instruction, arguing that it contradicted the trial court's earlier instruction that an employer is generally not liable for the negligent acts of an independent contractor, that it was confusing, and that it was not adjusted to the facts of the case. On appeal, Kroger also contends that the instruction was not an accu-

---

[11] *Homebuilders Assn. of Ga. v. Morris*, 238 Ga. App. 194, 195 (518 SE2d 194) (1999).

[12] See *Stephen W. Brown Radiology &c. v. Gowers*, 157 Ga. App. 770, 783 (7) (278 SE2d 653) (1981); see also *Feinberg v. Durga*, 189 Ga. App. 733, 737 (3) (377 SE2d 33) (1988).

[13] See *Hardy v. Tanner Med. Center*, 231 Ga. App. 254, 257 (8) (499 SE2d 121) (1998) (jury charge that witnesses may testify from their own knowledge about custom or course of practice is a correct statement of the law).

[14] Although this testimony seems to violate the trial court's ruling, Strickland did not object to it at trial.

rate statement of the law.

A trial court does not err in giving a jury instruction that "has been raised by the evidence, embraces a correct and complete principle of law, has not been substantially included in the general instructions given, and is specifically adjusted to the evidence."[15] For the reasons stated in Division 1 (a), the instruction given by the trial court represents an accurate statement of the law. Because the evidence raised the issue of Kroger's liability for the negligence of the independent contractor, we fail to see how the trial court erred in instructing the jury accordingly. As for Kroger's contention that the instruction was confusing, it fails to elaborate on this claim in its brief, and accordingly, such error, if any, is waived.[16]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 14, 2001.

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde*, for appellant.
*Howard W. Jones*, for appellee.

---

[15] *Joiner v. Lane*, 235 Ga. App. 121, 122 (2) (508 SE2d 203) (1998).
[16] See *Delaney v. Lakeside Villa*, 210 Ga. App. 430 (2) (440 SE2d 668) (1993) (failure to except on a specific ground constitutes waiver).