A01A0638. WASHINGTON v. CLARK et al.
(550 SE2d 671)

MILLER, Judge.

This protracted medical malpractice action originated in events of November 1992 when plaintiff-appellant D'Arcy Washington was shot in the chest and shoulder during his attempt to burglarize a residence. Walton County emergency medical personnel responded and applied inflatable military anti-shock trousers (MAST), redirecting blood from Washington's legs to his chest to maintain blood pressure to the vital organs, thereby preventing shock and death. Washington was transported to Georgia Baptist Medical Center where defendant-appellee Michael D. Clark, M.D., the vascular surgeon on call that night, was summoned from home to perform emergency surgery on the unsuccessful burglar. Dr. Clark successfully treated the massive gunshot wounds. Ten days later, however, allegedly due to the negli-

---

gent use or negligent monitoring of the MAST, Washington experienced renal failure, sepsis, and infection in his legs, requiring amputation of both legs above the knee to save his life.

This Court initially reversed the grant of summary judgment to Dr. Clark and other medical defendants because a timely filed expert's affidavit created genuine issues of material fact.[1] On certiorari, the Supreme Court of Georgia remanded the case to consider whether summary judgment for Dr. Clark was warranted by the statutory immunity afforded a voluntary health care provider under OCGA § 51-1-29.1.[2] On remand, this Court adhered to its reversal of summary judgment, ruling that Dr. Clark's affidavit testimony showing he received no compensation from the patient Washington or anyone acting on his behalf failed to establish that neither Dr. Clark nor his employer professional corporation "was [ever] compensated at all by anyone for the provision of on-call services generally, or for [his] visit to the emergency room in this instance."[3]

Renewing his motion for summary judgment, Dr. Clark submitted a revised affidavit, testifying that the nature of Washington's wounds created a true emergency situation, that Dr. Clark's assistance as the on-call vascular surgeon was voluntarily provided with no expectation of payment whatsoever, that Dr. Clark has not received any payment from any private person or public entity in connection with the services provided to Washington, and that Dr. Clark received no compensation for his general services as an on-call surgeon for Georgia Baptist. Similarly, Dr. Clark's employer professional corporation received no private or public payments for Dr. Clark's services to Washington or for his general services as an on-call surgeon.

Based on this evidence, the trial court granted Dr. Clark's motion for summary judgment, and Washington appeals. Since no evidence contradicts this testimony, we are constrained to affirm.

1. No health care provider "who voluntarily and without the expectation or receipt of compensation provides professional services . . . at the request of a hospital . . . shall be liable" for damages or injuries, including death, allegedly sustained by reason of an act or omission in rendering such services, unless such injuries were caused by gross negligence or wilful or wanton misconduct.[4]

Relying on *Henry v. Barfield*,[5] Washington first argues that the

---

[1] *Washington v. Ga. Baptist Med. Center*, 223 Ga. App. 762, 767 (3) (478 SE2d 892) (1996).

[2] *Porquez v. Washington*, 268 Ga. 649, 652 (3) (492 SE2d 665) (1997).

[3] *Washington v. Ga. Baptist Med. Center*, 230 Ga. App. 654 (501 SE2d 1) (1998).

[4] OCGA § 51-1-29.1 (a) (1). There is no contention that Dr. Clark was grossly negligent or that he acted wilfully or wantonly.

[5] 186 Ga. App. 423 (1) (367 SE2d 289) (1988) (physical precedent only).

immunity afforded by OCGA § 51-1-29.1 applies only to emergency *rescue* efforts and immunizes only those health care providers who are not under a pre-existing duty to rescue. This contention is without merit. *Henry v. Barfield* is not binding precedent under Court of Appeals Rule 33 (a) because one judge concurred in the judgment only. And it purports to interpret OCGA § 51-1-29, the so-called Good Samaritan Statute, and not OCGA § 51-1-29.1, which is the only basis for any immunity applicable to this case.[6] In our view, Dr. Clark's revised affidavit establishes a prima facie case of immunity under OCGA § 51-1-29.1 in that neither he nor his professional corporation expected or received any payment for his on-call services, whether from a public or a private source.

2. Washington nevertheless argues that this statutory immunity does not apply here because, he alleges, substantial portions of his hospital bill and physician charges were in fact paid by Medicaid. Plus, Georgia Baptist Medical Center billed Washington personally for $38,735 out of total expenses of $247,640 after Medicaid paid $208,905. There is no evidence, however, that any money Georgia Baptist received or that Medicaid paid was paid over to Dr. Clark or his professional corporation. Without proof that Dr. Clark or his professional corporation actually received money traceable to his voluntary on-call assistance generally or traceable to his assistance rendered specifically at the request of Georgia Baptist in Washington's case, we conclude that this evidence does not contradict Dr. Clark's prima facie entitlement to immunity under OCGA § 51-1-29.1.

Even though Washington initially received his injuries as a result of his own criminal conduct, we would allow the suit against Dr. Clark to proceed if Washington had submitted some evidence that either Dr. Clark or his corporation had expected to receive or did receive compensation for emergency room volunteer medical assistance generally or for this particular instance. Based on the complete absence of such evidence, however, we are constrained to hold that the trial court correctly granted summary judgment to Dr. Clark.

*Judgment affirmed. Eldridge, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED JUNE 14, 2001 —
RECONSIDERATION DENIED JUNE 28, 2001 —

*Zachary & Segraves, J. Ed Segraves, Charles M. Hardman*, for appellant.

*Hall, Booth, Smith & Slover, Alexander H. Booth, Howard W.*

---

[6] Id.

*Reese III, Harman, Owen, Saunders & Sweeney, H. Andrew Owen, Jr., Arnall, Golden & Gregory, Walter H. Bush, Jr., Gleaton, Persons, Egan & Jones, Frederick N. Gleaton, Alston & Bird, Robert D. McCallum, Jr.,* for appellees.