A06A1945. CARPENTER v. SUN VALLEY PROPERTIES, LLC.

(645 SE2d 35)

MILLER, Judge.

Anna Ryan Carpenter was injured when she fell from a second floor breezeway at Overlook Gardens Apartments (the "Apartments") after the breezeway railing gave way. Carpenter filed a personal injury lawsuit against Sun Valley Properties, LLC (which owned the Apartments), OneSource General Contracting, Inc. (which had been hired by Sun Valley to manage exterior renovations of the Apartments), and C & S Painting, Inc. ("C & S") (which had been subcontracted by OneSource to perform the renovations). Sun Valley and OneSource filed separate motions for summary judgment, and the trial court granted Sun Valley's motion and denied that of OneSource. Carpenter appeals, claiming that the trial court erred in granting Sun Valley's motion for summary judgment. We agree and reverse.

On appeal from a grant or denial of summary judgment, we conduct a de novo review of the law and evidence. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). In doing so, this Court views the evidence in the light most favorable to the nonmovant to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. Id. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

So viewed, the evidence showed that in August 2002, Sun Valley hired OneSource as its general contractor to manage wood replacement, repair, and painting at the Apartments. OneSource subcontracted the work to C & S. After C & S employees completed the work for each building of the Apartments, they notified employees of Woodruff Management Company, which managed the Apartments on behalf of Sun Valley, and Woodruff employees inspected the work.

On November 21 and 22, 2002, C & S employees were repairing and replacing wood in the building where a friend of Carpenter lived. They had not yet completed work on that building, so the work had not yet been inspected by Woodruff employees. On the evening of November 22, 2002, Carpenter was visiting her friend when she leaned against a second-story breezeway railing to adjust her shoe. The breezeway railing broke loose from the building, causing Carpenter to fall to the sidewalk below.

After the accident, an employee of Woodruff Management Company confirmed that wood in the breezeway railing at issue had already been replaced by C & S. The entire railing section was later lifted back up and re-attached to the building.

Sun Valley claims that it is not liable for the actions of Woodruff Management Company, OneSource, or C & S under the rule that an employer is generally not liable for the torts of an independent contractor or its employees. OCGA § 51-2-4. Pursuant to OCGA § 51-2-5 (4), however, an exception to this rule exists where the independent contractor is performing the employer's nondelegable statutory duty. See, e.g., *Cooper Tire & Rubber Co. v. Merritt*, 271 Ga. App. 16, 20 (608 SE2d 714) (2004).

Such a nondelegable duty exists under OCGA § 51-3-1, which requires a property owner to exercise ordinary care in keeping its premises and approaches safe for invitees. In *Kroger Co. v. Strickland*, 248 Ga. App. 613, 615 (1) (a) (548 SE2d 375) (2001), this Court held that a business which hired an independent contractor to clean its floors could be held liable for the negligence of an independent subcontractor (hired by the first independent contractor) where the "negligence rendered the premises and approaches unsafe."

While this Court has previously held that a landowner may be relieved of its duties to invitees where it surrenders "full possession and complete control" to another party, *Towles v. Cox*, 181 Ga. App. 194, 195 (1) (351 SE2d 718) (1986), a material issue of fact exists as to whether Sun Valley had surrendered full possession and control of the breezeway where Carpenter fell. As a result, that issue must be decided by a jury. See *Feggans v. Kroger Co.*, 223 Ga. App. 47, 51 (1) (476 SE2d 822) (1996) (jury issue remained as to whether business

surrendered full possession and control of area where plaintiff fell where business remained open and did not exclude its customers from such area).

Here, Carpenter, as a guest of a Sun Valley tenant, was an invitee of Sun Valley. *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140, 141 (2) (424 SE2d 85) (1992) ("guest of a tenant is an invitee upon the premises of the landlord where he is invited by the tenant and visits him in such premises. (Cit.)"). As a result, unless Sun Valley is relieved of its nondelegable statutory duty under OCGA § 51-3-1, Sun Valley may be held liable for the negligence of Woodruff Management Company, OneSource, and C & S if their actions resulted in a breach of such duty. Moreover, given that liability of Sun Valley may be predicated on the negligence of others, it is immaterial whether Sun Valley had any knowledge of a dangerous condition or was otherwise negligent in its own right. *Strickland*, supra, 248 Ga. App. at 615 (1) (b).

As our Supreme Court noted in *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997), the "routine" issues of premises liability, such as the negligence of the parties, "are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." Id. While a jury may find that the independent contractors in this case were not negligent or that such negligence did not violate any nondelegable statutory duty of Sun Valley, the evidence is not plain, palpable, or undisputed. Accordingly, the trial court erred in granting summary judgment to Sun Valley. See *Kitchens v. Keadle Lumber Enterprises*, 249 Ga. App. 831, 833-834 (549 SE2d 781) (2001).

*Judgment reversed. Johnson, P. J., and Adams, J., concur.*

DECIDED MARCH 21, 2007 —
RECONSIDERATION DENIED APRIL 12, 2007 — 

*Reynolds & McArthur, W. Carl Reynolds, Bradley J. Survant*, for appellant.

*Hall, Booth, Smith & Slover, James H. Fisher II, Denise W. Spitalnick, Jones, Cork & Miller, Thomas C. Alexander*, for appellee.