A09A2072. LEWIS v. NICHOLAS FINANCIAL, INC. et al.
(686 SE2d 468)

JOHNSON, Presiding Judge.

Casey Lewis filed a lawsuit against Nicholas Financial, Inc. ("NFI") after an independent contractor hired by NFI allegedly breached the peace when attempting to repossess Lewis' car. Lewis and NFI filed cross-motions for partial summary judgment regarding the issue of whether NFI could be held vicariously liable for the acts of the independent contractor. The trial court granted NFI's motion and denied Lewis' motion, ruling that NFI could not be held liable because there was no evidence that it controlled the contractor's actions or participated in the breach of the peace allegedly committed by the contractor. Lewis appeals from the grant of NFI's motion.

1. Lewis contends that genuine issues of material fact remain regarding "NFI's negligence and its contractor['s] . . . breach of the peace." Specifically, Lewis argues that NFI is not entitled to summary judgment because there is evidence that its contractor violated a nondelegable statutory prohibition against breaching the peace. We agree and reverse.

---

On appeal from a grant of summary judgment, this Court conducts a de novo review of the law and evidence.[1] In doing so, we view the evidence in the light most favorable to Lewis as the nonmovant to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law.[2]

So viewed, the evidence shows that when Lewis defaulted on her car loan payments to NFI, NFI hired IRL Recovery, Inc. to repossess the car. IRL Recovery assigned one of its employees, Donald Davenport, to perform the repossession.

Lewis testified that as she was parking her car at work, Davenport blocked her car with his vehicle and said he was there to take possession of the car. Lewis told Davenport she had placed a partial payment in NFI's after-hours drop box, and that he was not going to take her car. Davenport verbally insulted Lewis, grabbed her arm, and placed her in a choke hold. Lewis screamed for help and struggled with Davenport in order to free herself. A security guard intervened. Davenport then called NFI and spoke to an employee named "Joe." Davenport handed the phone to Lewis. Lewis told "Joe" that she had placed a partial payment in the drop box, that her car was not going to be repossessed that day, and that she would make another payment that afternoon. Two Cobb County police officers arrived and spoke to Lewis and Davenport. Davenport took no further action to take possession of the car and left the scene. Lewis immediately went to the bank, wired the amount due to NFI, and retained possession of the car.

In general, an employer is not responsible for the torts of its independent contractor.[3] Under an exception to this rule, however, the person employing the independent contractor is liable for the wrongful act of the contractor if the wrongful act breaches a duty imposed upon the employer by statute.[4]

Such a statutory duty exists under OCGA § 11-9-609 (b) (2), which provides that after default, a secured party may take possession of the collateral without judicial process only if the repossession proceeds without a breach of the peace. If the secured party breaches the peace, it is subject to an action for damages.[5] Because the secured creditor's duty to accomplish a nonjudicial repossession without

---

[1] *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

[2] Id. at 251 (1).

[3] OCGA § 51-2-4; *Cooper Tire &c. Co. v. Merritt*, 271 Ga. App. 16, 20 (1) (b) (608 SE2d 714) (2004).

[4] OCGA § 51-2-5 (4); *Benson-Jones v. Sysco Food Svcs. of Atlanta*, 287 Ga. App. 579, 583 (2) (651 SE2d 839) (2007).

[5] See *Roach v. Barclays American/Credit*, 164 Ga. App. 616 (298 SE2d 304) (1982).

breaching the peace is statutory, that duty is nondelegable even though the creditor hires another party to perform the repossession.[6]

There is nothing in OCGA § 11-9-609 that allows a secured party to avoid liability for a wrongful repossession by simply delegating this duty to an independent contractor.[7] As this Court has previously stated, a repossessing creditor is not relieved of liability for breaching the peace simply because it has employed an independent contractor to carry out the task of repossession.[8] NFI's duty was personal and nondelegable, and a recovery based upon a breach of that duty would not constitute imposition of liability without fault.[9] To hold that a secured party is immune from vicarious liability in these cases would present " 'opportunities for gross injustice' which we will not here sanction."[10]

Hence, if the independent contractor's attempt to repossess Lewis' car was in violation of the statute, NFI would be chargeable with that conduct since it was done in violation of a duty imposed on NFI by statute.[11] The case of *Johnson v. First Union Nat. Bank*[12] does not require a contrary result because the question of whether the creditor was liable pursuant to OCGA § 51-2-5 (4) was not before the Court.[13]

The trial court erred in granting judgment as a matter of law to NFI as to whether it can be held vicariously liable for the acts of its independent contractor in attempting to repossess the car. Therefore, the judgment is reversed.

2. We need not consider Lewis' argument that the trial court erred in ruling as a matter of law that NFI had no control over the manner in which the independent contractor attempted to repossess her car. Inasmuch as NFI had a nondelegable statutory duty to not breach the peace in repossessing the car, it may be held liable for the

---

[6] See generally *Johnson v. Kimberly Clark*, 233 Ga. App. 508, 510 (504 SE2d 536) (1998); *Hickman v. Allen*, 217 Ga. App. 701, 702 (458 SE2d 883) (1995); *Hayes v. Century 21 Shows*, 116 Ga. App. 490, 491 (1) (157 SE2d 779) (1967).

[7] See *Owens v. BarclaysAmerican/Mtg. Corp.*, 218 Ga. App. 160, 162 (2) (460 SE2d 835) (1995) (property owner that employs independent contractor to dispossess tenant is liable for contractor's acts in dispossessing tenant in violation of owner's statutory duty to follow certain dispossessory procedures).

[8] *Fulton v. Anchor Savings*, 215 Ga. App. 456, 462 (2) (b) (452 SE2d 208) (1994) (physical precedent only).

[9] See *Peachtree-Cain Co. v. McBee*, 254 Ga. 91, 94 (2) (327 SE2d 188) (1985).

[10] (Citation and punctuation omitted.) Id.

[11] *Owens*, supra; see *Fulton*, supra at 463 (2) (c); see generally *Perry v. Soil Remediation*, 221 Ga. App. 386, 389 (2) (471 SE2d 320) (1996).

[12] 255 Ga. App. 819, 821 (2) (567 SE2d 44) (2002).

[13] Id.; see *Studio X, Inc. v. Weener, Mason & Nathan*, 276 Ga. App. 652, 655 (624 SE2d 157) (2005) (issues neither brought to the Court's attention nor expressly ruled upon have not been decided so as to constitute precedent).

negligence of the independent contractor if the contractor's actions resulted in a breach of such duty.[14] It is therefore immaterial whether NFI was negligent in its own right.[15]

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED NOVEMBER 12, 2009.

*Andrew H. Agatston*, for appellant.
*Slater, King & Gross, Scott R. King*, for appellees.

---

[14] See *Carpenter v. Sun Valley Properties*, 285 Ga. App. 1, 3 (645 SE2d 35) (2007).
[15] Id.; see *Watkins v. First South Utility Constr.*, 284 Ga. App. 547, 548 (644 SE2d 449) (2007) (employer is liable for negligence of independent contractor in performing a nondelegable duty, although employer has done everything that could reasonably be required of him); *Johnson*, supra at 233 Ga. App. 510 (knowledge and conduct of independent contractor imputed to employer if wrongful act is the violation of a duty imposed on employer by statute).