**November 12, 2013**

# In the Court of Appeals of Georgia

A13A1247. THE KROGER COMPANY v. SCHOENHOFF et al.

McMILLIAN, Judge.

Melanie and Steve Schoenhoff (collectively referred to as "plaintiffs") filed personal injury and loss of consortium claims against the Kroger Company ("Kroger") after Melanie slipped and fell while shopping at a Kroger Store ("the Store") in Fayetteville, Georgia. The jury found in favor of plaintiffs and awarded Melanie $2,640,000 in damages on her personal injury claim and awarded her husband $150,000 on his loss of consortium claim. Kroger appeals, and in its sole enumeration of error, contends that it was entitled to a directed verdict because plaintiffs failed to show that Kroger had actual or constructive knowledge of the substance on the floor in which Melanie slipped and fell. As more fully set forth below, we now affirm.

We decide this case under the overarching principle that

> [t]he granting of a directed verdict is a grave matter as, in directing a verdict, the trial court takes the case away from the jury and substitutes its own judgment for the combined judgment of the jury. Thus, in reviewing a trial court's denial of a motion for directed verdict, we will affirm the jury's verdict as long as there some evidence to support it. In so doing, we construe the evidence with every inference and presumption in favor of upholding the verdict.

(Citations and punctuation omitted.) *Kroger v. Strickland*, 248 Ga. App. 613, 613-614 (1) (548 SE2d 375) (2001).

Concerning premises liability "slip and fall cases," our Supreme Court has explained,

> [p]remises liability lies at the intersection of tort law and property law. To recover on a theory of premises liability, a plaintiff must show injury caused by a hazard on an owner or occupier of land's premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public. When a premises liability cause of action is based on a "trip and fall" or "slip and fall" claim – and the lion's share of premises liability cases are – we have refined this general test down to two specific elements. The plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked

2

knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control.[1]

(Citations omitted.) *American Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444 (2) (679 SE2d 25) (2009).

With this underpinning in mind, we turn to the relevant facts, which are largely undisputed. At approximately 6 p.m. on June 7, 2008, Schoenhoff, her husband and their young daughter entered the Store, passing first through the produce area. They proceeded to shop throughout the store for about 35 to 45 minutes, and then Steve and their daughter headed to the check out area while Melanie went back to the produce section to get a bag of lettuce. Melanie picked up the bag of lettuce and started walking toward the check out area. However, while walking through the floral area, Melanie slipped and fell in a "clear liquid," i.e., water, in front of the floral display case "where the floral section meets up with the self-checkout."

Melanie testified that she was watching where she was walking, but that she did not see anything on the floor before she fell; however, she testified that she did

_____

[1] These principles devolve from OCGA § 51-3-1, which provides: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."

see a discrete puddle of liquid after she fell. Further, there was no evidence that Kroger had actual knowledge of the substance on the floor before Melanie fell. Thus, under the undisputed evidence presented at trial, plaintiffs' right to recover depended on showing that the Store had constructive knowledge of the water on the floor in the area where Melanie slipped and fell.

> Constructive knowledge may be shown by demonstrating that (1) an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition prior to the fall, or (2) the hazardous condition had existed for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises.

*Benefield v. Tominich*, 308 Ga. App. 605, 608 (1) (708 SE2d 563) (2011).[2] See also *The Augusta Country Club, Inc. v. Blake*, 280 Ga. App. 650, 653 (1) (a) (634 SE2d 812) (2006); *KMart v. Jackson*, 239 Ga. App. at 178; *Kroger Company v. Brooks,* 231 Ga. App. 650, 654 (1) (a) (500 SE2d 391) (1998). Moreover,

_____

[2] Although *Benefield* involves a motion for summary judgment, our Court has held that in slip-and-fall cases, those principles also apply on motions for directed verdict. See *Brooks*, 231 Ga. App. 650, 651 (500 SE2d 391) (1998) ("Both OCGA § 9-11-50 and § 9-11-56 which deal with motions for summary judgment, are similar and are governed by similar criteria, so that opinions as to one have application to the other.") We further note that it does not appear from our record that Kroger filed a motion for summary judgment.

4

The length of time the substance must remain on the floor before the owner should have discovered it and what constitutes a reasonable inspection procedure vary with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location.

*Davis v. Bruno's Supermarkets*, 263 Ga. App. 147, 150 (2) (587 SE2d 279) (2003). *Augusta Country Club*, 280 Ga. App. at 653 (1). Thus, under the second method of showing constructive knowledge, plaintiffs must produce evidence from which the jury may infer that a reasonable inspection procedure was not in place or was not followed and the length of time the substance had been on the floor.

With respect to the inspection procedures on the day in question, Kroger concedes that "[i]t is undisputed . . . that Kroger was unable to prove that it conducted any sweeps or inspections of the area where Melanie Schoenhoff fell on the date in question." Moreover, based on our review of the record, the evidence demonstrates that pursuant to Kroger's safety policy in effect on the date of the accident, employees were required to conduct an inspection of a designated area of the store on at least an hourly basis. Thus, pretermitting whether Kroger's inspection procedure was reasonable, plaintiffs were able to produce evidence from which a jury could infer

5

that Kroger failed to adhere to any inspection procedure on the day Melanie was injured.[3]

Despite this failure, Kroger argues that plaintiffs' attempt to show it had constructive knowledge of the substance on the floor where Melanie fell must nevertheless fail because plaintiffs presented no evidence to show affirmatively how long the water had been on the floor, thereby failing to prove that the water had been on the floor for a sufficient amount of time that a reasonable inspection, even if one had been carried out, would have revealed it. But "where the evidence raises the inference that the foreign substance was discoverable pursuant to a reasonable inspection, a jury issue arises as to whether the defendant had constructive knowledge of what a reasonable inspection would have revealed and a directed verdict is not appropriate." *Brooks*, 231 Ga. App. at 655 (1) (b). Thus, as we have explained on numerous occasions, "[t]he existence of constructive knowledge is a matter for the jury when there is evidence from which it may be inferred." (Citation and punctuation omitted.) *Jackson*, 239 Ga. App. at 178. Accordingly, in reviewing the denial of

---

[3] As stated above, "[e]vidence establishing an adherence to customary inspection and cleaning procedures on the specific day in question is required, [and] proof of the mere existence of such customary procedures is insufficient." (Citation and punctuation omitted.) *Sanderson Farms, Inc. v. Atkins*, 310 Ga. App. 423, 427 (713 SE2d 483) (2011).

6

Kroger's motions for directed verdict, we must determine whether, construing the evidence in favor of the verdict, there was any evidence from which the jury might make this inference. We answer that question in the affirmative.

A former Kroger employee testified that while she worked there, she had on other occasions observed water on the floor in the floral area. Further, there was evidence that it was anticipated that water would drip on the floor in that area as shoppers were taking the flowers out of vases. Several witnesses, including Kroger employees, testified that for this reason, non-skid floor mats were often used in floral areas, but it is undisputed that no evidence was presented to show that such mats were on the floor in the Store's floral area on the day Melanie fell, although the evidence showed there may have been mats placed there on other days. Further, the fall occurred on a Saturday, which was one of the busiest, if not the busiest, time of the week in terms of customer volume. And not only did the fall occur on a busy weekend day, it occurred at approximately 6:45 in the evening, after an entire shopping day had passed during which Kroger could not show any employee had inspected or cleaned the area.

Although this evidence was far from overwhelming, we find that it provided a sufficient basis from which the jury could infer that the spill had been on the floor

for a sufficient length of time such that the store employees would have discovered it and cleaned it up had they been adhering to reasonable inspection procedures, and therefore Kroger had constructive knowledge of the hazard. "[W]e must remember that it is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable." *Jackson*, 239 Ga. App. at 178. Accordingly, and considering the gravity of a trial court's substituting its own judgment for that of the jury, we find no error in the denial of Kroger's motions for directed verdict. *Jackson*, 239 Ga. App. at 176.

In so finding, we recognize the criticisms of the summary judgment standard for slip-and-fall cases established in *Straughter v. J.H. Harvey Co.,* 232 Ga. App. 29 (500 SE2d 353) (1998), which principles have also been applied to motions for directed verdict.[4] See *Williams v. GK Mahavir, Inc.*, 314 Ga. App. 758, 763 (726 SE2d 71) (2012) (Andrews, J., concurring dubitante) (questioning reasoning of *Straughter*); *Benefield*, 308 Ga. App. at 612 (Blackwell, J., concurring dubitante)

---

[4] See *Brooks*, 231 Ga. App. at 651.

8

(same). In *Straughter*, this Court, sitting en banc, held that "a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident." 232 Ga. App. at 30 (1). But we need not reconsider *Straughter* here because plaintiffs presented evidence from which the jury could infer Kroger's constructive knowledge of the hazard: water dripping on the floor in the floral department was a recurrent problem, Kroger had on other occasions ameliorated the problem by placing mats on the floor to catch the water, and on the day Melanie fell, Kroger neither placed mats on the floor nor did it inspect for anticipated spills in the floral area at any point during the entire shopping day.

In light of the foregoing, we need not reach the issue of whether sufficient evidence existed to create a jury issue under the other method of proving constructive knowledge.

*Judgment affirmed. Phipps, C. J., Doyle, P. J., Dillard, McFadden and Boggs, concur. Andrews, P. J., dissents.*

A13A1247. THE KROGER COMPANY v. SCHOENHOFF et al.

ANDREWS, Presiding Judge, dissenting.

The Kroger Company was entitled to a directed verdict at trial because there was no evidence to support a reasonable conclusion by the jury: (1) that a Kroger employee was in the immediate area of the "clear liquid" which caused Ms. Schoenhoff to slip and fall and could have easily seen and removed it, or (2) that the "clear liquid" had been on the floor of Kroger's store for a long enough period of time that it should have been discovered and removed by Kroger in the exercise of ordinary care to inspect the store premises to keep it safe. By denying Kroger's motion for a directed verdict on this basis, the trial court erroneously allowed the jury

to speculate or guess that Kroger had constructive knowledge of the liquid on the floor prior to the slip and fall.

Ms. Schoenhoff's claim at trial was that, in violation of OCGA § 51-3-1, Kroger failed to exercise ordinary care to keep its store premises safe for her as an invited shopper, and that this failure caused her slip and fall. "To recover on a theory of premises liability [under OCGA § 51-3-1], a plaintiff must show injury caused by a hazard on an owner or occupier of land's premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public." *American Multi-Cinema, Inc. v.* Brown, 285 Ga. 442, 444 (679 SE2d 25) (2009). In *Robinson v. Kroger Co.*, 268 Ga. 735, 736-738 (493 SE2d 403) (1997), the Supreme Court reaffirmed that the fundamental basis for imposing liability for breach of the duty set forth in OCGA § 51-3-1 is proof that the premises owner had superior knowledge of the hazard on the premises that caused harm to the invitee. To prove that Kroger had superior knowledge, Ms. Schoenhoff had the burden of proving: (1) that Kroger had actual or constructive knowledge of the liquid which caused the slip and fall, and (2) that, despite exercising ordinary care for her own safety, she lacked knowledge of the liquid due to Kroger's actions or conditions under its control. *American Multi-Cinema,* 285 Ga. at 444; *Robinson*, 268 Ga. 735;

2

*Alterman Foods, Inc. v. Ligon*, 246 Ga. 620, 622-623 (272 SE2d 327) (1980). There was evidence sufficient for the jury to find that, despite exercising ordinary care for her own safety, Ms. Schoenhoff lacked knowledge of the liquid on the floor before she slipped and fell due to actions or conditions under Kroger's control. As the majority points out, because there was no evidence that Kroger had any actual knowledge of the liquid on the floor before the slip and fall, the issue presented is whether Ms. Schoenhoff produced evidence at trial sufficient for the jury to find that, prior to the slip and fall, Kroger had constructive knowledge of the liquid on the floor. A plaintiff in a slip and fall case can prove that the premises owner had constructive knowledge of a hazard on the floor by showing: (1) that an employee of the defendant was in the immediate area of the hazard and could have easily seen the hazard and removed it prior to the slip and fall; or (2) that the hazard had been on the floor for a sufficient length of time that it would have been discovered and removed if the premises owner had exercised ordinary care to inspect the premises. *Alterman Foods*, 246 Ga. at 622-623; *Kroger Co. v. Brooks*, 231 Ga. App. 650, 654 (500 SE2d 391) (1998); *Banks v. Colonial Stores, Inc.*, 117 Ga. App. 581, 584-585 (161 SE2d 366) (1968); *Haskins v. Piggly Wiggly Southern, Inc.*, 230 Ga. App. 350, 352 (496 SE2d 471) (1998).

3

There was no evidence sufficient for the jury to find that a Kroger employee was in the area and could have easily seen and removed the hazard. Evidence showed that Ms. Schoenhoff slipped and fell near the floral department when she stepped in a puddle of "clear liquid" which she did not see on the floor prior to her fall. Ms. Schoenhoff explained that she did not see the clear liquid as she approached it because it blended with the white floor. There was also evidence that, about 25 feet away from where Ms. Schoenhoff fell, a Kroger employee was assisting shoppers at the store's self-checkout scanners, and that there were no obstructions between the scanner area and the floral department. "Showing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it." *Matthews v. The Varsity, Inc.*, 248 Ga. App. 512, 513 (546 SE2d 878) (2001) (punctuation and citation omitted). We held as a matter of law in *Matthews* that, "Inasmuch as the purported hazard was not readily visible to Matthews, she did not establish that The Varsity's employee who was 12 to 15 feet away could have easily seen and removed it." Id. (punctuation and citation omitted). Similarly, in *Haskins*, 230 Ga. App. at 351-352, because Haskins conceded that the water which caused her to slip and fall was difficult to discern, we found as a matter of law that she failed to

4

establish that a Piggly Wiggly employee in the immediate area could have easily seen and removed it. Id. at 351-352.

> Constructive knowledge can only be inferred where there is evidence that an employee [of the defendant] was in the immediate vicinity of the dangerous condition *and* could have easily discovered and removed the hazard. The fact that [the plaintiff] admitted that the alleged dangerous substance was not visible precludes finding that the [defendant's] employee could have easily noticed and corrected it.

*Hardee's Food Systems, Inc. v. Green*, 232 Ga. App. 864, 866-867 (502 SE2d 738) (1998). Because Ms. Schoenhoff admitted that the clear liquid in which she slipped and fell was not visible against the white floor as she approached it, as a matter of law, there was no reasonable basis for the jury to find that Kroger had constructive knowledge on the basis that its employee, working 25 feet away from the liquid, could have easily seen and removed it prior to the slip and fall. The trial court erred by denying Kroger's motion for a directed verdict on this issue.

There was also no evidence sufficient for the jury to find that Kroger had constructive knowledge of the hazard on the basis that the liquid had been on the floor long enough so that Kroger should have discovered and removed it prior to the slip and fall in the exercise of ordinary care to inspect the premises. Although there was evidence that Kroger had in place procedures under which it normally inspected

the premises for hazards every 30 minutes, there was also evidence from which the jury could have found that, on the day of the slip and fall, Kroger failed to exercise ordinary care to inspect the premises. Where a slip and fall plaintiff's claim under OCGA § 51-3-1 is based on proving that the premises owner had constructive knowledge of a hazard on this basis, the plaintiff must produce evidence showing how long the hazard existed on the premises prior to the slip and fall.

> To sustain plaintiff's cause of action in the failure to inspect case it is necessary that she prove a period of time the dangerous condition has been allowed to exist. Without such proof, it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard. *Banks*[,] [117 Ga. App. 581]. *Winn-Dixie Stores, Inc. v. Hardy,* [138 Ga. App. 342, 345 (226 SE2d 142) (1976)].

*Brooks,* 231 Ga. App. at 654 (1) (b) (punctuation omitted).  Similarly, the Supreme Court has held:

> [Although] the proprietor may be liable if he fails to exercise reasonable care in inspecting and keeping the premises in safe condition[,] [t]o sustain a cause of action in [this] type case the plaintiff must show that the foreign substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant. The length of time which must exist to show that the defendant had an opportunity to discover the defect will vary with the circumstances of each case[,] the nature of the business, size of the store, the number of customers, the nature of the dangerous condition and the store's location.

*Alterman Foods,* 246 Ga. at 622-623 (citations and punctuation omitted).

Kroger had no burden at trial to produce evidence to demonstrate its lack of constructive knowledge of the liquid on the floor.[1]  Rather, Ms. Schoenhoff had the burden at trial to prove that Kroger had constructive (imputed) knowledge of the liquid.  In the absence of any evidence as to how long the liquid had been on the floor, the jury in this case was left to speculate whether the liquid had been on the floor for a few minutes or for hours prior to the slip and fall.  If the liquid had been on the floor for only a few minutes or less prior to the slip and fall, no jury could reasonably find that Kroger was afforded enough time to exercise ordinary care to inspect and remove the hazard prior to the slip and fall.  It follows that, without any

---

[1] Citing to *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (500 SE2d 353) (1998), Ms. Schoenhoff contends that, because Kroger failed to produce evidence at trial that it established and followed reasonable inspection procedures at the time of the incident, she had no burden at trial to show how long the liquid had been on the floor to prove that Kroger had constructive knowledge.  *Straughter* adopted this rule in the context of summary judgment on the rationale that it was necessary to heed the Supreme Court's admonition in *Robinson*, supra, to "lighten the load" on plaintiffs.  *Straughter*, 232 Ga. App. at 32.  *Straughter* held that, because the defendant failed to produce evidence "that defendant followed a reasonable inspection and cleaning procedure, defendant can be charged with constructive knowledge even if plaintiff cannot show how long the substance had been on the floor." Id. at 31.  For reasons I have previously stated (see *Straughter*, 232 Ga. App. 29 (Andrews, C. J., dissenting); *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466 (522 SE2d 749) (1999) (Andrews, P. J., dissenting)) *Straughter* erroneously adopted this rule.  In any event, the rule is limited to summary judgment and has no application at trial where the burden of proof as to constructive knowledge remains on the plaintiff, and the defendant has no burden to prove lack of constructive knowledge.

evidence as to how long the liquid had been on the floor prior to the slip and fall, there was no reasonable basis for the jury to find that Kroger had constructive knowledge of the liquid because it had been there long enough for Kroger to exercise ordinary care under OCGA § 51-3-1 to discover and remove it prior to the slip and fall. The trial court erred by allowing the jury to speculate or guess whether the liquid had been on the floor so long that Kroger had constructive knowledge. *Compton v. Huddle House, Inc.*, 284 Ga. App. 367, 369 (644 SE2d 182) (2007); *Dildine v. Town & Country Truck Sales, Inc.*, 259 Ga. App. 732, 734 (577 SE2d 882) (2003) (jury reliance on speculation or guesswork is an improper basis for imposing liability).

The record shows that Kroger moved for a directed verdict on the basis that there was no evidence in the case proving how long the liquid had been on the floor prior to the slip and fall. The majority concludes that the trial court correctly denied the motion because there was evidence from which the jury could have reasonably inferred that the liquid had been on the floor for a long enough period of time that Kroger had constructive knowledge of it prior to the slip and fall. Ms. Schoenhoff testified that she slipped and fell near a floral display case when she stepped in a puddle of "clear liquid" on the floor. She testified that she never determined what the liquid was but confirmed that it was not just droplets of liquid but a puddle. The

8

majority points to the fact that one former Kroger employee testified that she had occasionally seen water on the floor of the floral department. And another Kroger employee agreed it could be anticipated that water would drip on the floor when shoppers took flowers out of vases in the floral department. But there was no evidence of any prior slip and fall on water or any other substance in or around the floral department. In fact, Ms. Schoenhoff testified that she had shopped in the Kroger store every two weeks for a couple of years prior to her slip and fall, and that, during that time, she had never before encountered water on the floor in or near the floral department. Although there was evidence from which the jury could have reasonably inferred that water had occasionally dripped on the floor in or possibly near the floral department, there was no evidence from which the jury could have reasonably inferred how long the puddle of "clear liquid" in this case had been on the floor before the slip and fall.

When a party relies on inferences from circumstantial evidence to prove a point, "not only must those inferences tend in some proximate degree to establish the conclusion sought, but must also render less probable all inconsistent conclusions." *Morton v. Horace Mann Ins. Co.*, 282 Ga. App. 734, 736 (639 SE2d 352) (2006) (punctuation and citation omitted). "An inference cannot be based upon evidence

9

which is too uncertain or speculative or which raises merely a conjecture or possibility." *Niles v. Board of Regents of the Univ. System of Ga.*, 222 Ga. App. 59, 61 (473 SE2d 173) (1996) (punctuation and citation omitted).

> However willing we are to commit to the jury the solution of every question of fact, yet in the very nature of things, when the determination of the issue rests not on direct proof, but on circumstances, there exists a point where the inferences to be drawn can not, as a matter of law, be sufficient to support a verdict.

*Allen Kane's Major Dodge, Inc. v. Barnes*, 243 Ga. 776, 779 (257 SE2d 186) (1979). (citation, punctuation, and footnote omitted). That point was reached in this case. To reach its verdict on the evidence presented, the jury was required to guess or speculate how long the liquid had been on the floor. There was no direct proof, and no circumstances, from which the jury could have reasonably found how long the liquid was on the floor prior to the slip and fall.

Because there was no evidence produced at trial sufficient to prove that Kroger had superior constructive knowledge of the hazard, the trial court erred by denying Kroger's motion for a directed verdict. I respectfully dissent.