**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 7, 2014**

# In the Court of Appeals of Georgia

A14A0366. SMITH et al. v. TENET HEALTH SYSTEM DO-021 SPALDING, INC. et al.

DOYLE, Presiding Judge.

In this slip and fall case, plaintiffs Bettie Sue Smith and David Smith, Sr., appeal from the grant of summary judgment to Hospital Housekeeping Systems, L.P., and Hospital Housekeeping Systems, Ltd., (L.P.) (collectively "HHS") and Tenet Health System Spalding, Inc., d/b/a Spalding Regional Medical Center ("Spalding"). The plaintiffs contend that summary judgment was not warranted because genuine issues of material fact remain as to the defendants' liability. For the reasons that follow, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of

summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that Bettie Sue Smith was at Spalding to visit her daugher-in-law's grandmother, who was hospitalized with an illness. That day, at approximately 3:55 p.m., Miranda Fonfield, an employee of HHS, which provided cleaning services to Spalding, cleaned and restocked her janitorial cart at the end of her shift. Fonfield's cart was located in a public hallway outside a janitorial closet because the closet was too small to accommodate cleaning the cart inside. The hall floor is tiled, with no carpeting, and there was no "wet floor" warning sign posted. Fonfield's end-of-shift process included removing the mop water bucket, replacing the pads on "micro mops," refilling liquid disinfectant containers, and wiping down her cart with a damp rag. Approximately ten minutes after Fonfield finished cleaning the cart and pushed it into the closet, Smith walked down the hallway and slipped and fell in the area where Fonfield had been cleaning her cart. As a result of the fall, Smith suffered a broken hip requiring surgery the next day.

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Smith sued Spalding and HHS seeking special and general damages.[2] Following discovery, the defendants filed motions for summary judgment, amending them after Smith's discovery responses, arguing that Smith failed to present sufficient evidence to create a genuine issue of material fact as to their liability. After a hearing, the trial court granted both motions for summary judgment, and this appeal followed.

1. The Plaintiffs contend that the trial court erred by granting summary judgment to HHS because there is sufficient evidence in the record to create a factual question as to the negligence of HHS's employee. We agree.

At the summary judgment stage, the trial court, as well as this Court on appeal, must view all of the evidence in the light most favorable to the nonmovant, in this case, the Smiths. When addressing summary judgment motions, every court

> must remain mindful of the jury's role in the process to resolve any and all conflicts in the evidence. It is the jury, not the court, which is the fact-finding body. [The jury] weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. The situation is

---

[2] Smith's husband, David Smith, Sr., had filed his own lawsuit, and he was later added as a plaintiff in this suit.

3

best summed up by the language of Justice Bleckley speaking for the [C]ourt, in *Brown v. Matthews*[3]: "Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." From this perspective, it is preferable not to have a single trial judge stand in the shoes of the several men and women of various backgrounds who make up a jury and determine what inferences they may draw from the evidence.[4]

For this reason, at the summary judgment stage, courts are required to "construe the evidence most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences."[5]

Here, it is undisputed that Smith herself did not see any water on the floor where she fell, either before or after she fell. But she explained in deposition testimony that she was in pain, briefly lost consciousness, and was in no position to closely examine the area upon falling. Smith's inability to personally testify as to what caused her to fall is not fatal to her case because there is other evidence

---

[3] 79 Ga. 1 (4 SE 13) (1887).

[4] (Citation and punctuation omitted.) *Svc. Merchandise, Inc. v. Jackson*, 221 Ga. App. 897, 898 (1) (473 SE2d 209) (1996).

[5] (Punctuation omitted.) *Norfolk Southern R. v. Zeagler*, 293 Ga. 582, 583 (1) (a) (748 SE2d 846) (2013).

4

permitting an inference as to the cause of her fall. The Smiths introduced the undisputed evidence of the mop water buckets being removed and the janitorial cart being wiped down with a wet rag in the same area where she fell shortly before she fell. There was testimony from Smith that she heard a nurse who came to help her immediately after she fell say, "go get some paper towels . . . there's something wet on the floor."[6] Also, there was deposition testimony from Smith's daughter-in-law, who was also at the hospital and came to help Smith after hospital staff notified her of the fall, that she noticed "something" on the floor that caused her own foot to slip when she got close to where Smith was lying. Moreover, there was testimony that

---

[6] The fact that this testimony was hearsay does not render it inadmissible, because it met the requirements for admission as res gestae. Former OCGA § 24-3-3 provides; "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." "To fall within the res gestae, a statement must be contemporaneous with the main fact, but need not be precisely concurrent in point of time; it is sufficient if such declarations spring out of the transaction, if they elucidate it, if voluntary and if made at such time as reasonably to exclude the idea of design." (punctuation omitted.) *Goldsmith v. Peterson*, 307 Ga. App. 26, 31 (3) (703 SE2d 694) (2010). The statement here met these criteria. (For purposes of this appeal, we apply the former version of the evidence Code because the summary judgment motion was made in June 2011. See Ga. L. 2011, p. 99, § 101 ("[The revised evidence Code] shall become effective on January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after such date."))

5

shortly after Smith's fall, janitorial staff were called to "come get the spill up," and the worker who reported to the area noticed a wet spot on the wall where Smith fell.

When viewed in favor of Smith, this evidence supports an inference that her fall was caused by a foreign substance on the floor that the HHS employee could have prevented or noticed and removed. Therefore, the trial court erred by concluding that the record lacks any factual issues as to the negligence of HHS or its employee in cleaning the janitorial cart.

2. Smith likewise argues that the trial court erred by concluding that she failed to present any evidence of Spalding's negligence. For the reasons above, we agree and reverse the grant of summary judgment to Spalding on a negligence theory.[7]

With respect to Spalding's liability under a premises liability theory, Smith "must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to

---

[7] See OCGA § 51-2-5 (4) ("An employer is liable for the negligence of a contractor . . . [i]f the wrongful act is the violation of a duty imposed by statute"); *Kroger Co. v. Strickland*, 248 Ga. App. 613, 614-615 (1) (a) (548 SE2d 375) (2001) (OCGA § 51-3-1 imposes a nondelegable duty on the premises owner to exercise ordinary care to keep the premises safe for invitees; therefore a premises owner generally cannot rely on the provisions of OCGA § 51-2-4 to disclaim responsibility for the negligence of its independent contractor that rendered the premises unsafe.).

conditions under the defendant's control."[8] Smith may show Spalding's constructive knowledge of the hazard by

> demonstrating that (1) an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition prior to the fall, or (2) the hazardous condition had existed for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises.[9]

Here, the record contains evidence that, when viewed most favorably to Smith, shows that Spalding's janitorial contractor was in the immediate vicinity of the fall and had an opportunity to prevent or to correct the hazardous condition of a wet floor shortly prior to Smith's fall. Accordingly, summary judgment was not appropriate as to Spalding's potential liability under a premises liability theory.[10]

*Judgment reversed. Miller and Dillard, JJ., concur.*

---

[8] (Punctuation omitted.) *Kroger Co. v. Schoenhoff*, 324 Ga. App. 619, 620 (751 SE2d 438) (2013).

[9] (Punctuation omitted.) Id.

[10] See id. at 622. ("[W]here the evidence raises the inference that the foreign substance was discoverable pursuant to a reasonable inspection, a jury issue arises as to whether the defendant had constructive knowledge of what [a] reasonable inspection would have revealed. . . .").