**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J, and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 24, 2017**

# In the Court of Appeals of Georgia

A17A0438. DUFF v. BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA.                                    DO-017

DOYLE, Chief Judge.

In this slip-and-fall case, plaintiff Mollie Duff appeals from the grant of summary judgment to defendant Board of Regents of the University System of Georgia. Duff contends that the trial court erred by concluding that rainwater on the floor where she slipped was not, as a matter of law, a hazardous condition. For the reasons that follow, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable

conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that Duff was a student at Georgia Perimeter College. One morning, her father dropped her off at school at approximately 7:45 a.m.; it had not been raining, and the weather "was clear." After her first class ended, Duff went to her second class, U. S. history, in the same building from 10:00 to 11:15 a.m. Her classrooms did not have windows, so she was unable to see that it had begun raining outside at some point after she arrived. When her history class ended, Duff began her walk to her third class in another building. She first exited the history classroom, walked down the hall, covering the length of her classroom and making it half-way past the next classroom (a computer lab), when she slipped and fell on rainwater that had been brought in by other students entering the building to go to their classes. Duff did not see any water until she fell and noticed water on the floor.

Duff suffered injuries from her fall and sued the Board on a premises liability theory. The Board answered and, following discovery, moved for summary judgment. The trial court granted the motion on the ground that Duff failed to meet her threshold

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

burden to show that the rainwater on the floor amounted to a hazardous condition, i.e. an unusual or unreasonable amount. Duff challenges this ruling on appeal.

In *Robinson v. Kroger*,[2] the Supreme Court of Georgia clarified and summarized Georgia premises liability law as follows:

> One who owns or occupies land and by express or implied invitation, induces or leads others to come upon his premise for any lawful purpose, . . . is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. While not an insurer of the invitee's safety, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior knowledge. The owner/occupier owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk or to lead them into a dangerous trap. The owner/occupier is not required to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and *taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises*.[3]

---

[2] 268 Ga. 735 (493 SE2d 403) (1997).

[3] (Citations and punctuation omitted.) Id. at 740 (1).

3

The Court also expressly

> remind[ed] members of the judiciary that the "routine" issues of
> premises liability, i.e., the negligence of the defendant and the plaintiff,
> and the plaintiff's lack of ordinary care for personal safety are generally
> not susceptible of summary adjudication, and that summary judgment is
> granted only when the evidence is plain, palpable, and undisputed.[4]

With this legal background in mind, we turn to the facts of this case. The trial court relied on precedent stating that "[t]he risk of harm imposed by some accumulation of water on the floor . . . during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate."[5] But this concept has been expressly limited by the Supreme Court of Georgia: "[S]ince that concept is based on the common knowledge that the ground outside gets wet on rainy days, it cannot properly

---

[4] Id. at 748 (2) (b).

[5] (Punctuation omitted.) *Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677, 680 (2) (629 SE2d 561) (2006), quoting *Cook v. Arrington*, 183 Ga. App. 384, 385 (358 SE2d 869) (1987).

4

be applied to a portion of an *interior space* where an invitee has no reason to expect water to accumulate on the floor."[6]

Here, it is undisputed that Duff lacked any actual knowledge that it was raining and that she fell in an interior portion of the building while walking between classrooms. A building diagram shows that the closest entrance was more than three classrooms away from where she slipped and fell. These circumstances bring Duff's case outside the line of cases where our courts have held that invitees, as a matter of law, must be charged with the knowledge that rainwater will accumulate on the floor where they fell.[7]

---

[6] (Emphasis supplied.) *Dickerson v. Guest Svcs. Co.*, 282 Ga. 771, 772 (653 SE2d 699) (2007).

[7] See, e.g., *Walker*, 278 Ga. App. at 680 (2) (holding that the risk of harm from some water on the floor is not unusual or unreasonable on a rainy day). Compare *Dickerson*, 282 Ga. at 772 (limiting *Walker* and stating that the facts do not support a determination "as a matter of law that a reasonable person would have anticipated that the stairs might get wet on a rainy day"); *Parker v. All American Quality Foods, Inc.*, 318 Ga. App. 689, 691 (734 SE2d 510) (2012) (physical precedent only) (summary judgment not appropriate because plaintiff slipped in rainwater after walking past six checkout stations). The Board's reliance on *Season All Flower Shop, Inc. v. Rorie*, 323 Ga. App. 529, 536 (1) (746 SE2d 634) (2013) is misplaced in the present circumstance. In that case, the Court addressed a scenario in which an injured plaintiff fell "several feet inside the lobby" and concluded that "'in rainy day slip-and-fall cases plaintiffs are charged with equal knowledge that water is apt to be found in any area frequented by people coming in from the rain outside,' and not just at the 'threshold' of an entrance door." Id. at 536 (1) (punctuation omitted). Contrary

5

Further, with respect to the amount of water that had accumulated, the record, when construed in favor of Duff as required on summary judgment,[8] contains testimony that there was "standing water," that Duff "felt the water after [she] hit the floor," and that the water made her skirt, leg, and hands wet when she tried to get up. There is evidence that approximately 882 students had classes that were about to begin in Duff's building, and a professor who came to aid Duff testified that there was "a lot" of water on the hallway floor from students waiting to enter their classes, but the amount of water in the spot of the fall after Duff fell was comparable to taking a wet paper towel and wiping it across the floor. In granting summary judgment, the trial court relied on this testimony to conclude that there was no hazard presented by the water, but this ignores the conflicting testimony from Duff that there was "standing water." Any conflict in the evidence is properly resolved by a jury, not by

_____

to the plaintiff in *Rorie*, Duff did not fall near the threshold, and the interior hallway was sufficiently far enough away such that the question of her knowledge is not a plain and palpable one to be resolved at summary judgment.

[8] See *Smith v. Tenet HealthSystem Spalding*, 327 Ga. App. 878, 879 (761 SE2d 409) (2014) ("[A]t the summary judgment stage, courts are required to construe the evidence most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences.") (punctuation omitted).

a court,[9] and viewed with the evidence that Duff's denim skirt, leg, and hands had become wet from contacting the floor where she fell, this evidence does not demand a finding that no hazard existed.

Based on this record, the absence of an unreasonable hazard is not "plain, palpable, and undisputed."[10] "Where reasonable minds can differ as to the conclusion to be reached with regard to questions of whether an owner/occupier breached the duty of care to invitees and whether an invitee exercised reasonable care for personal safety, summary adjudication is not appropriate."[11] Based on the location of Duff's fall and the evidence of "standing water" where she fell, the trial court erred by granting summary judgment to the Board on the ground that such an amount of water in an interior space of a building does not, as a matter of law, amount to a hazardous condition for premises liability purposes.[12]

*Judgment reversed. Miller, P. J., and Reese, J., concur.*

---

[9] See id.

[10] *Robinson*, 268 Ga. at 748 (2) (b).

[11] Id. at 740 (1).

[12] See *Dickerson*, 282 Ga. at 772.

7