**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 17, 2017**

# In the Court of Appeals of Georgia

A17A1142. STEWART v. BROWN.

MCFADDEN, Presiding Judge.

This appeal challenges the grant of summary judgment to the defendant in a slip-and-fall case. Because there exist genuine issues of material fact about the defendant's knowledge of the hazard and the plaintiff's lack of such knowledge, we reverse the grant of summary judgment.

1. *Facts and procedural posture.*

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Duff v. Bd. of Regents of Univ. System of Ga.*, 341 Ga. App. 458 (800 SE2d 640) (2017) (citation omitted). A defendant moving for summary judgment may prevail "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there

is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Season All Flower Shop v. Rorie*, 323 Ga. App. 529-530 (746 SE2d 634) (2013) (citation omitted). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Smith v. Tenet HealthSystem Spalding*, 327 Ga. App. 878 (761 SE2d 409) (2014) (citation omitted).

So viewed, the evidence shows that on July 11, 2015, Emma Stewart attended her mother's funeral at the Piney Grove Missionary Baptist Church in Adel, Georgia. After the service, Stewart began to leave through the front door of the fellowship hall where she had previously entered. But church deacon Alvin Martin told Stewart not to use that door and instead directed her to go out a back door that exited through the church. Stewart followed Martin's directions and went through the back door, where she encountered two stairs leading down to a concrete floor. Stewart had never used the stairs before and as she stepped down she lost her balance, missed the second stair, and fell to the floor. Stewart suffered injuries in the fall, including a broken leg. At her deposition, Stewart testified that when she stepped on the first stair she noticed that the stairs were "so steep" and "so narrow" that she could not see the second stair.

2

She also deposed that the stairs were uneven and that as she began to fall she looked for a handrail to steady herself, but there was nothing to hold on to beside the stairs.

Martin acknowledged at his deposition that prior to Stewart's fall he was aware that there was an area of the stairs that was uneven, which had caused him concern that someone might fall on the stairs. He testified that the lack of handrails, however, had not given him any concern. Martin further deposed that a few minutes before Stewart's fall, he learned that another woman had also fallen earlier that day.

Emanuel Brown is the pastor of, and does business as, Piney Grove Missionary Baptist Church. At his deposition, Brown testified that before Stewart's fall there had been discussions in the church about installing a handrail to improve the safety of the stairs. Brown also deposed that he and Martin had discussed the possibility that the narrowness of the steps could have caused Stewart's fall because they were not wide enough for a foot to step on them. Brown conceded that the way in which the church maintained the steps could have been better.

Stewart filed a complaint against Brown, doing business as the church, seeking damages for her injuries caused by the fall. Brown answered and moved for summary judgment, claiming that he had no knowledge of any hazard and that Stewart had

failed to exercise ordinary care for her own safety. The trial court granted the motion. Stewart appeals from that grant of summary judgment.

2. *Premises liability.*

The duty of an owner or occupier of land to an invitee is set forth in OCGA § 51-3-1, which provides: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." In *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997), our Supreme Court further explained:

> While not an insurer of the invitee's safety, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior knowledge. The owner/occupier owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk or to lead them into a dangerous trap. The owner/occupier is not required to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.

4

Id. at 740 (1) (citations omitted). In *Robinson*, the Supreme Court also provided that "in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Id. at 748-749 (2) (b).

(a) *Hazardous condition.*

In this case, the evidence that the stairs were steep, narrow, uneven, and lacked a handrail created genuine issues of material fact as to whether the stairs constituted a hazardous or dangerous condition. "The danger allegedly posed by the steps resulted from a combination of the steps' lack of uniformity, their [too steep and narrow] combined height and width, and the [lack of a] handrail compounding the first two irregularities." *Murray v. West Bldg. Materials of Ga.*, 243 Ga. App. 834, 835-836 (534 SE2d 204) (2000).

(b) *Defendant's knowledge of the hazard.*

Brown contends that there is no evidence that he knew that the stairs were hazardous. However, as recounted above, Brown himself deposed that prior to Stewart's fall there had been discussions in the church about installing a handrail to

5

improve the safety of the stairs. And Brown further admitted that the manner in which the church maintained the steps could have been better. This evidence "is sufficient for a factfinder to infer that the steps were a hazardous condition of which [the defendant] had actual or constructive knowledge. Therefore, for purposes of summary judgment, plaintiff has satisfied the first prong of the *Robinson* test." *Murray*, supra at 835 (citations omitted).

(c) *Plaintiff's lack of knowledge and exercise of ordinary care.*

Brown claims that summary judgment was appropriate because the stairs were a static condition of which Stewart had equal knowledge. We disagree.

> [W]here, as here, the case involves allegations of a static, dangerous condition, the rule is well established that the basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does. Accordingly, a claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have equal knowledge of it and cannot recover for a subsequent injury resulting therefrom.

*Perkins v. Val D'Aosta Co.*, 305 Ga. App. 126, 128 (699 SE2d 380) (2010) (citations and punctuation omitted).

Here, Stewart testified that she had never used the stairs in question prior to her fall. Thus, there is no presumption that she had equal knowledge of the hazard presented by the stairs. Moreover, such a presumption of equal knowledge "applies only to cases involving a static condition that is *readily discernible* to a person exercising reasonable care for his own safety." Id. at 129 (citation and punctuation omitted; emphasis supplied). In this case, Stewart deposed that she could not even see the second step due to the steepness and narrowness of the stairs. Thus, "we find that the evidence of record creates a material issue of fact as to whether the specific hazard allegedly precipitating [Stewart's] fall was readily observable to [her] in the exercise of ordinary care and whether [she] can therefore be presumed to have [had] knowledge of it." Id. at 130 (citations and punctuation omitted).

As our Supreme Court has reiterated, "routine issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Duff*, supra at 460 (citation and punctuation omitted). In the instant case, because the evidence on these issues is not plain, palpable, and undisputed, the grant of summary judgment was erroneous and must be reversed.

*Judgment reversed. Branch and Bethel, JJ., concur.*